UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTONIO JOSE DROGO,

   Plaintiff,

 v.           6:18-CV-6105
             DECISION & ORDER
COMMISSIONER OF SOCIAL
SECURITY,

   Defendant.

---

On February 1, 2018, the plaintiff, Antonio Jose Drogo, brought this action under the Social Security Act ("the Act"). He seeks review of the determination by the Commissioner of Social Security ("Commissioner") that he was not disabled. Docket Item 1. On September 4, 2018, Drogo moved for judgment on the pleadings, Docket Item 9; on October 31, 2018, the Commissioner responded and cross-moved for judgment on the pleadings, Docket Item 12; and on November 21, 2018, Drogo replied, Docket Item 14.

For the reasons stated below, this Court grants Drogo's motion in part and denies the Commissioner's cross-motion.

## BACKGROUND

### I. PROCEDURAL HISTORY

On November 4, 2014, Drogo applied for Supplemental Security Income benefits. Docket Item 8 at 263. He claimed that he had been disabled since April 22, 2011, due

to depression, anxiety, post-traumatic stress disorder, illiteracy, poor memory, migraines, and attention deficit hyperactivity disorder.  *Id.* at 284.

On January 8, 2015, Drogo received notice that his application was denied because he was not disabled under the Act.  *Id.* at 169.  He requested a hearing before an administrative law judge ("ALJ"), *id.* at 175, which was held on May 8, 2017, *id.* at 16.  The ALJ then issued a decision on June 7, 2017, confirming the finding that Drogo was not disabled.  *Id.* at 25.  Drogo appealed the ALJ's decision, but his appeal was denied, and the decision then became final.  *Id.* at 6.

## II.  THE ALJ'S DECISION

In denying Drogo's application, the ALJ evaluated Drogo's claim under the Social Security Administration's five-step evaluation process for disability determinations.  *See* 20 C.F.R. § 404.1520.  At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment.  § 404.1520(a)(4)(i).  If so, the claimant is not disabled.  *Id.*  If not, the ALJ proceeds to step two.  § 404.1520(a)(4).

At step two, the ALJ decides whether the claimant is suffering from any severe impairments.  § 404.1520(a)(4)(ii).  If there are no severe impairments, the claimant is not disabled.  *Id.*  If there are any severe impairments, the ALJ proceeds to step three.  § 404.1520(a)(4).

At step three, the ALJ determines whether any severe impairment or impairments meet or equal an impairment listed in the regulations.  § 404.1520(a)(4)(iii).  If the claimant's severe impairment or impairments meet or equal one listed in the regulations, the claimant is disabled.  *Id.*  But if the ALJ finds that none of the severe impairments meet any in the regulations, the ALJ proceeds to step four.  § 404.1520(a)(4).

2

As part of step four, the ALJ first determines the claimant's residual functional capacity ("RFC"). *See* §§ 404.1520(a)(4)(iv); 404.1520(d)-(e). The RFC is a holistic assessment of the claimant—addressing both severe and nonsevere medical impairments—that evaluates whether the claimant can perform past relevant work or other work in the national economy. *See* 20 C.F.R. § 404.1545.

After determining the claimant's RFC, the ALJ completes step four. 20 C.F.R. § 404.1520(e). If the claimant can perform past relevant work, he or she is not disabled and the analysis ends. § 404.1520(f). But if the claimant cannot, the ALJ proceeds to step five. 20 C.F.R. §§ 404.1520(a)(4)(iv); 404.1520(f).

In the fifth and final step, the Commissioner must present evidence showing that the claimant is not disabled because the claimant is physically and mentally capable of adjusting to an alternative job. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); 20 C.F.R. § 404.1520(a)(v), (g). More specifically, the Commissioner bears the burden of proving that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

Here, at step one the ALJ found that Drogo had not engaged in substantial gainful activity since his alleged disability onset date. Docket Item 8 at 18. At step two, the ALJ determined Drogo had several severe impairments: obstructive sleep apnea, obesity, anxiety, depression, and post-traumatic stress disorder. *Id.* At step three, the ALJ found that none of Drogo's impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, either singly or in combination. *Id.* at 19. At step four, the ALJ determined Drogo's RFC:

3

> [C]laimant has the residual functional capacity to perform medium work as defined in 20 C.F.R. 4040.1567(c) and 416.967(c) except he should have no more than occasional contact with co-workers, supervisors, and the public. The individual should be limited to low stress jobs, which are defined as those that require occasional decision-making, occasional judgment, and occasional changes in the work setting. He should be limited to jobs that are goal-oriented rather than oriented toward production or on assembly line. He should be limited to jobs requiring simply repetitive instruction.

Finally, at step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Drogo could perform with his RFC, such as janitor or laundry laborer. *Id.* at 24.

At Drogo's hearing, the ALJ decided not to consider certain treatment records from Linden Oaks Therapy and Monroe County Department of Human Services. *Id.* at 120. Drogo had not provided the ALJ with those records by five days before the hearing in May 2017, *id.*, but his attorney had written to the ALJ about two weeks before the hearing informing him about those records and that Drogo was still waiting to receive them, *id.* at 351. Drogo had requested those records first in August 2016 and again in February 2017. *Id.* at 120. But according to the ALJ, those were not "active and diligent attempts, to actually get the records," and so the ALJ would not consider them. *Id.* at 121-22.

## **LEGAL STANDARDS**

"The scope of review of a disability determination ... involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id.* This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social

4

Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to correct legal principles." *Johnson*, 817 F.2d a 986.

## DISCUSSION

### I. ALLEGATIONS

Drogo objects to the ALJ's failure to consider his treatment records from Linden Oaks, to consider other mental health treatment records more thoroughly, and to adequately address his mild mental retardation. Docket Item 9 at 17-27. As to the first point, he specifically argues that the ALJ erred in not considering records about which the ALJ was informed at least five business days before the hearing date. *Id.* at 17. Drogo argues that this alone warrants remand for proper consideration of his therapy treatment records and treating opinions from Linden Oaks. *Id.* at 17. This Court agrees.

## II. ANALYSIS

The claimant bears the burden of proving disability at the first four steps of the sequential evaluation process, and under 20 C.F.R. § 416.1435(a), the claimant must "***inform [the Commissioner] about*** or submit ***any written evidence***" of disability "no later than 5 business days before the date of the scheduled hearing." *Id.* (emphasis added). If the claimant does not comply with this five-day rule, the ALJ "may decline to consider or obtain the evidence," unless certain circumstances apply.[1] 20 C.F.R.

---

[1] The full text of 20 C.F.R. § 416.1435(a)-(b) is

(a) When you submit your request for hearing, you should also submit information or evidence as required by § 416.912 or any summary of the evidence to the administrative law judge. Each party must make every effort to ensure that the administrative law judge receives all of the evidence and must inform us about or submit any written evidence, as required in § 416.912, no later than 5 business days before the date of the scheduled hearing. If you do not comply with this requirement, the administrative law judge may decline to consider or obtain the evidence unless the circumstances described in paragraph (b) of this section apply.

(b) If you have evidence required under § 416.912 but you have missed the deadline described in paragraph (a) of this section, the administrative law judge will accept the evidence if he or she has not yet issued a decision and you did not inform us about or submit the evidence before the deadline because:
    (1) Our action misled you;
    (2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from informing us about or submitting the evidence earlier; or
    (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier. Examples include, but are not limited to:
      (i) You were seriously ill, and your illness prevented you from contacting us in person, in writing, or through a friend, relative, or other person;
      (ii) There was a death or serious illness in your immediate family;
      (iii) Important records were destroyed or damaged by fire or other accidental cause; or
      (iv) You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing.

§ 416.1435(a)-(b). One of those circumstances is when the claimant "actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing." 20 C.F.R. § 416.1435(b)(3)(iv).

Here, Drogo "inform[ed] [the Commissioner] about . . . written evidence" that he had not received well before the five business-day period expired: two weeks before the hearing, his attorney explicitly told the ALJ that he was still waiting to receive records from Linden Oaks. Docket Item 8 at 351. The ALJ nonetheless refused to consider or obtain those records because Drogo did not "show active and diligent attempts" to obtain the records and thus did not "qualify for an exception." *Id.* at 120. Drogo argues that this was legal error because 20 C.F.R. § 416.1435(a) requires only that the claimant provide the ALJ with notice about the records. Docket Item 9 at 19. The Commissioner responds that because Drogo did not "make every effort to ensure that the administrative law judge receives all the evidence *and* inform [him] about or submit any written evidence" five business days before the hearing, the ALJ correctly refused to consider the evidence at issue. Docket Item 12-1 at 14 (quoting 20 C.F.R. § 416.1435(a)) (emphasis added).

The ALJ's "focus on . . . active and diligent attempts, to actually get the records," Docket Item 8 at 121, conflates §§ 416.1435(a) and (b). Subsection (a) requires the claimant to "make every effort" to ensure that the ALJ "receives all of the evidence," and toward that end provides that the claimant "must inform us about or submit" evidence at least five business days before the hearing. Under subsection (b), the claimant must demonstrate "active and diligent attempts" to obtain evidence only if he informs the ALJ

7

about or submits evidence after the five-day deadline has passed. Here, Drogo met the deadline: he informed the ALJ about the relevant evidence more than five business days before the hearing. Docket Item 8 at 351. He therefore did not need to demonstrate active and diligent attempts to obtain the evidence under § 416.1435(b)(3)(iv).

A plain reading of the regulation supports Drogo's position. In setting the five-business-day deadline, § 416.1435(a) provides that the claimant "must ***inform [the Commissioner] about*** or submit any ***written evidence***." *Id.* (emphasis added). If the claimant does not, then the ALJ "***may decline to*** consider or ***obtain*** the evidence" unless an exception in § 416.1435(b) applies. So under the plain language of the regulation, the ALJ can decline to "***obtain***" relevant written evidence only if the claimant does not "***inform***" the Commissioner "***about***" such evidence at least five business days before the hearing. *Id.* (emphasis added). Here, Drogo told the ALJ about the evidence before the deadline expired. And so the ALJ erred in refusing to obtain and consider that evidence.

Section 416.1435(b) provides exceptions to this rule when the claimant has "missed the deadline described in paragraph (a) of this section"—that is, when the claimant "did not inform [the Commissioner] about or submit the evidence before the deadline." Because Drogo did not miss the deadline, he was not also required to meet the exception.[2] And the remedial purpose of the Act also supports this interpretation, as

---

[2] Based on the hearing transcript, Drogo made at least two attempts—nine months before the hearing, and again three months before the hearing—to get the records at issue. There may have been other efforts as well, although counsel could not document them. *See* Docket Item 8 at 120 ("It's not clear from my record, whether we have made additional phone calls since February. We have been requesting the

8

well.  *See Acierno v. Barnhart*, 475 F.3d 77, 81 (2d Cir. 2007) ("we have described the Social Security Act as 'a remedial statute, to be broadly construed and liberally applied'") (quoting *Haberman v. Finch*, 418 F.2d 664, 667 (2d Cir. 1969)).

The Commissioner argues that under § 494.1435(a), the claimant must make every effort "to obtain the records" himself and that his failure to do so here permitted the ALJ to decline to consider the records at issue.  *See* Docket Item 12-1 at 13-14.  But that is not what § 404.1435(a) says.  Rather, the claimant "must make every effort ***to ensure that the administrative law judge receives*** all of the evidence."  *Id.* (emphasis added).  The claimant can do that by informing the ALJ about or submitting the evidence to the ALJ "no later than 5 business days before the date of the scheduled hearing."  *Id.*  If the claimant so notifies the ALJ about the records, then the ALJ cannot decline to "obtain" them.  *Id.*  So as a matter of regulatory construction, the Commissioner's argument fails.

What is more, the Commissioner's proposed reading of the regulation is inconsistent with the ALJ's "affirmative duty to develop the administrative record." *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008).  Indeed, "where there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history 'even when the claimant is represented by counsel or by a paralegal.'"  *Rosa*, 168 F.3d at 79 (quoting *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996)).  In light of that duty, an ALJ cannot simply choose to disregard evidence that the ALJ knows about—and about which the claimant has informed the ALJ—before the

---

records since August of last year."), 121 ("we've made phone calls.").  That may very well have been "active and diligent" attempts to obtain the records.  But because this Court remands regardless of that conclusion, it need not and does not reach that issue.

9

deadline. The ALJ must "obtain" that evidence consistent with both the regulation, § 416.1435(a), and with the ALJ's duty to develop the record, *Burgess*, 537 F.3d at 129.

Finally, the ALJ's error here was not harmless. Records and opinions from Linden Oaks and Monroe County Department of Human Services indicate that Drogo had various limitations due to his mental health.[3] *See* Docket Item 8 at 35-55. Had the ALJ considered this evidence, Drogo's RFC may well have been very different.

The matter is therefore remanded so that the ALJ can consider the evidence from Linden Oaks and Monroe Country Department of Human Services that he previously declined to consider. [4]

---

[3] The Commissioner asserts that Drogo "never obtained the records" and that "there was a chance they could never get the records." Docket Item 12-1 at 14. For that reason, the Commissioner suggests that "it is unclear how remand could resolve [this] issue." *Id.* But the Linden Oaks and Monroe County records are in the record of this case, Docket Item 8 at 34-55, and so the Commissioner's argument is misplaced. 20 C.F.R. § 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive.").

[4] Because the "remaining issues ... may be affected by the ALJ's treatment of this case on remand," this Court does not reach them. *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

## **CONCLUSION**

For the reasons stated above, the Commissioner's motion for judgment on the pleadings, Docket Item 12, is DENIED, and Drogo's motion for judgment on the pleadings, Docket Item 9, is GRANTED in part and DENIED in part. The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated: June 21, 2019
        Buffalo, New York

*s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE