UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTONIO JOSE DROGO,

        Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

18-CV-6105-LJV
DECISION & ORDER

---

On September 23, 2019, the plaintiff, Antonio Jose Drogo, filed a motion seeking $7,982.20 in attorney's fees under the Equal Access to Justice Act ("EAJA"). Docket Item 18. On October 22, 2019, the defendant, the Commissioner of Social Security ("Commissioner"), opposed the motion, Docket Item 20, and on November 8, 2019, Drogo replied, Docket Item 21.

The Commissioner argues that Drogo's attorney is not entitled to EAJA fees because "although not ultimately persuasive, [the Commissioner's] position was substantially justified under the facts and law relevant to this case." Docket Item 20 at 2. In fact, the Commissioner asserts, "remand was ultimately caused by [Drogo]'s counsel's lack of due diligence in attempting to collect medical records," and "rewarding counsel for their lack of effort would be unjust." *Id.* Finally, the Commissioner argues that the amount of fees requested by Drogo's counsel is unreasonable. *Id.* at 12.

In reply, Drogo contests each of these arguments, as well as requesting an additional $1,441.68 in fees for the time spent replying to the Commissioner's

opposition. Docket Item 21. For the reasons that follow, this Court agrees with Drogo and awards his counsel $9,423.88[1] in EAJA fees.

## DISCUSSION

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court *shall* award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action . . . brought by or against the United States . . . *unless* the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). "The Government bears the burden of showing that its position was 'substantially justified,' and to meet that burden, it must make a 'strong showing' that its action was 'justified to a degree that could satisfy a reasonable person.'" *Healey v. Leavitt*, 485 F.3d 63, 67 (2d Cir. 2007) (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)).

In this case, this Court found that the ALJ improperly excluded certain treatment records in violation of both "the plain language of the regulation," Docket Item 16 at 8 (citing 20 C.F.R. § 416.1435), and the ALJ's "affirmative duty to develop the administrative record," *id.* at 9 (citing *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008)). The Commissioner's attempt to relitigate these issues in opposition to Drogo's motion for EAJA fees is unavailing.

---

[1] Drogo's counsel requests $9,423.99 in fees, but this appears to be a typographical error as the two requested amounts—$7,982.20 and $1,441.68—total $9,423.88.

Among other things, the Commissioner asserts that "counsel never obtained the records when such could have been provided to the Appeals Council." Docket Item 20 at 10. The Commissioner then suggests that this Court's statement in its decision and order "that Linden Oaks and Monroe County records are in the record . . . appears to be a factual mistake because, while those pages include records from Monroe County, nowhere in the record are there therapy notes from Linden Oaks Therapy Offices." *Id.* at 10 n.5. And, the Commissioner says, "[s]uch treatment records from Linden Oaks was specifically [Drogo]'s claim of error." *Id.*

First, while the record may not have included all the Linden Oaks records, the Commissioner's charge of "a factual mistake" is misplaced. It is true, as the Commissioner notes, that the records the Court cited did not contain "therapy notes"; but the Court never said that they did. *See* Docket Item 16 at 10 ("Records and opinions from Linden Oaks and Monroe County Department of Human Services indicate that Drogo had various limitations due to his mental health."); *id.* at 10 n.3 ("But the Linden Oaks and Monroe County records are in the record of this case."). And the records indeed included an assessment from a psychiatrist who treated Drogo at Linden Oaks and who opined about Drogo's limitations. *See* Docket Item 8 at 48-51 (opinion of Roopa Challapalli, M.D.). So it is true, as the Court stated, that "Linden Oaks and Monroe County records are in the record." Docket Item 16 at 10 n.3. And those records were relevant to the issue before the Court: whether the Commissioner's refusal to consider them may have been harmless error.

The Commissioner's argument fails substantively as well. Drogo argued in his motion for judgment on the pleadings that "[n]ot only did the ALJ fail to seek [Drogo's]

psychiatric treatment records from Linden Oaks, he also failed to weigh five of the opinions of record," including "the psychological assessment[ ] completed by Dr. Challapalli." Docket Item 9 at 25. So contrary to the Commissioner's suggestion, the ALJ's failure to obtain the treatment notes was not Drogo's only claim of error. And as this Court explained, that assessment—along with other records from the Monroe County Department of Human Services—"indicate[d] that Drogo had various limitations due to his mental health." Docket Item 16 at 10; *see also* Docket Item 9 at 24 ("Notably, Mr. Drogo's long-time treating psychiatrist at Linden Oaks, Dr. Challapalli, opined that he was unable to participate in any activities except for treatment or rehabilitation, and has a moderately limited ability to perform simple and complex tasks independently, maintain attention and concentration for rote tasks, and perform low-stress."). Thus, this Court's conclusion that "[t]he ALJ's error . . . was not harmless," Docket Item 16 at 10, is supported by the records the Court cited.

The remainder of the Commissioner's arguments already were rejected by this Court. And for the reasons already explained in its decision and order, *id.* at 6-10, this Court finds that the Commissioner's position was not "substantially justified." *See Padula v. Colvin*, 602 F. App'x 25, 27 (2d Cir. 2015) (summary order) ("To be sure, the Commissioner continues to urge a view of the evidence suggesting that it should have prevailed on the merits of the prior appeal, but this reprise of arguments [that the court] previously found unavailing is insufficient on its own to show that her 'position . . . had a reasonable basis in both law and fact.'" (quoting *Fed. Election Comm'n v. Political Contributions Data, Inc.*, 995 F.2d 383, 386 (2d Cir. 1993))).

The Commissioner repeatedly blames Drogo's counsel for not obtaining the records that this Court found the ALJ was obliged to obtain before issuing a decision. Indeed, the Commissioner claims that "the root cause for remand in this case was [Drogo]'s counsel's failure to perform basic due diligence in obtaining medical records that are claimed important to their client's case before the agency prior to the hearing in this matter." Docket Item 20 at 9. Thus, the Commissioner says, "[a]warding fees in such a circumstance would produce the absurd result of awarding counsel nearly $8000 in attorney's fees stemming from counsel's own failure to make reasonable attempts to obtain medical records." *Id.*[2]

But the Commissioner misreads this Court's decision. In addition to finding that Drogo had fulfilled his obligation to notify the ALJ of the evidence at least five days before the hearing, this Court found that the ALJ had an independent duty to seek the missing records. *See* Docket Item 16. The Commissioner's response to the pending motion reargues the former and ignores the latter. In any event, it is simply not true

---

[2] The Commissioner also faults this Court for stating in its decision and order that Drogo's "counsel had stated 'we've made phone calls', when in fact the transcript reads, 'I don't know if (interruption) we've made phone calls.'" Docket Item 20 at 5 n.3 (quoting Docket Item 8 at 121). Read in context, however, the omission of "I don't know if" before the interruption in that quote makes no difference in the Court's conclusions. Even more basically, the Commissioner's criticism is misplaced because the Court made very clear that there was some question about whether additional efforts to obtain the records—*including the phone calls*—were made. *See* Docket Item 16 at 8 n.2 ("There *may* have been other efforts as well, although counsel *could not document them*. *See* Docket Item 8 at 120 ('It's not clear from my record, whether we have made additional phone calls since February. We have been requesting the records since August of last year.'), 121 ('we've made phone calls.'). That may very well have been 'active and diligent' attempts to obtain the records. But because this Court remands regardless of that conclusion, *it need not and does not reach that issue*." (emphasis added)).

that counsel's alleged inaction was the "root cause for remand." The ALJ's failure—not any action or inaction by counsel—was the reason for the remand.

What is more, the Commissioner also ignores the fact that regardless of the reason for the ALJ's unfavorable decision, Drogo's counsel contested that decision, put in over 40 hours of work to do so, and ultimately prevailed. There is nothing unjust about an attorney's getting paid for time spent achieving a successful result for a client. And as Drogo observes, "Congress enacted the [EAJA] because, without a fee-shifting provision, the high costs of litigation would deter persons of modest means, such as [him], from defending against or seeking review of unreasonable governmental action." Docket Item 18-1 at 2.

This Court also finds Drogo's requested fees to be reasonable. In "districts within the Second Circuit, the average time approved by courts for routine social security disability cases ranges from twenty to forty hours." *Parsons v. Comm'r of Soc. Sec.*, No. 07-CV-1053, 2008 WL 5191725, at *1 (N.D.N.Y. Dec. 10, 2008). Drogo's counsel submitted a 30-page opening brief as well as a reply. He spent 41.8 hours on this case—only slightly above the average range. The requested fees will compensate counsel at the very reasonable rate of approximately $191 an hour.

Finally, this Court finds that Drogo's counsel is entitled to additional fees for the time he spent litigating the fees issue. See *Trichilo v. Sec'y of Health & Human Servs.*, 823 F.2d 702, 707 (2d Cir.), *supplemented*, 832 F.2d 743 (2d Cir. 1987) ("[W]here the government's position in the underlying dispute has been found to be . . . not substantially justified, the reasonable attorney's fee plaintiff is entitled to recover should encompass the time spent by counsel litigating the fee issue itself."). Counsel requests

6

$1,441.68 for seven hours of work—a rate of approximately $205 per hour—which this Court also finds to be reasonable.

## **CONCLUSION**

For all those reasons, Drogo's motion for EAJA fees, Docket Item 18, is GRANTED, and Drogo's counsel is awarded $9,423.88 in EAJA fees.

SO ORDERED.

Dated: September 25, 2020
       Buffalo, New York

*/s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE